UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Blair, #329604, <br><br>                Plaintiff, <br><br>vs. <br><br>Mr. William Byars, Director; Gregorg T. Knowlin, Warden; South Carolina Department of Corrections; Turbeville Correction Institution, <br><br>                Defendants. | C/A No. 3:12-506-SB-JRM <br><br><br><br>**REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff, Marcus A. Blair, is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at the Turbeville Correctional Institution ("TCI") brings this 42 U.S.C. § 1983 ("§ 1983") action against Defendants, seeking injunctive relief and compensatory damages. Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter is before the undersigned United States Magistrate Judge for a report and recommendation following pre-service review. After review of the Complaint, the Court concludes that it should be summarily dismissed, without prejudice and without issuance and service of process.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Plaintiff alleges that, on August 14, 2011, he slipped and fell on the stairs in TCI and injured his back. Plaintiff alleges he was examined and treated by the TCI medical staff and was prescribed a muscle relaxer. Plaintiff alleges he has suffered physical and mental pain since his accident and has written to Defendants Byars and Knowlin. Plaintiff alleges that, since his injury, he has been treated badly and SCDC has punished him. *See* ECF No. 1, p. 3-4. Plaintiff asks the Court "to have S.C.D.C. release me on this ground and have them pay me for my pain and suffering and mental pain and suffering because the right to properly functioning prison equipment is a constitutional magnitude." ECF No. 1, p. 5.

Two of the Defendants in the instant case, *i.e.* Warden Knowlin and the South Carolina Department of Corrections ("SCDC"), are also named as defendants in another pending case in this Court, which was filed by Plaintiff on January 30, 2012.[1] In *Blair v. South Carolina Dept. Of Correction, et al.*, C/A No. 3:12-228-SB-JRM, Plaintiff has sued Defendants Knowlin and SCDC, along with (TCI's) Medical Staff, and Doctor Drago. In C/A No. 12-228, Plaintiff alleges that he was injured on August 14, 2011 when he slipped and fell on the stairs. Plaintiff also alleges that the defendants denied him medical treatment and that, in addition to pain and suffering, he began experiencing blurriness in his eyes on December 16, 2011. Plaintiff also alleges he was improperly "charge with incites or urges a group of two or more persons to engage in a current or impending disturbance" (sic). Plaintiff asserts that his Eighth Amendment rights were violated, and seeks compensatory damages. *See* C/A No. 12-228, ECF No. 1, p. 3-5.

---

[1]The undersigned takes judicial notice of Plaintiff's other proceeding in this Court. *See* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In the instant Complaint, Plaintiff appears to allege the same claims that he asserts in C/A No. 12-223, *i.e.* that his constitutional rights were violated in connection with his alleged fall on the stairs on August 14, 2011, Defendants were deliberately indifferent to Plaintiff's serious medical needs, and he was unlawfully subjected to retaliatory mistreatment and/or disciplinary sanctions.[2] Thus, to the extent that the Complaint in the instant case alleges such claims against Defendant Warden Knowlin and SCDC, the instant Complaint is duplicative of the complaint in Plaintiff's other case, which is currently pending in this Court. In C/A No. 12-228, Plaintiff was ordered, on February 14, 2012, to bring the case into proper form. *See* C/A No. 12-228, ECF No. 6. It appears that Plaintiff complied with the proper form order on February 29, 2012. Plaintiff will have a full and fair opportunity to litigate his claims within the appropriate confines of applicable court procedures in C/A No. 12-228.

This Court should not entertain two separate, virtually identical lawsuits filed by the same individual, involving the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly ha[s] the right to take notice of its own files and records and it ha[s] no duty to grind the same corn a second time. Once [i]s sufficient."). Thus, to the extent that Plaintiff's Complaint in the instant case names Defendants Knowlin and SCDC and alleges the same claims that are alleged in C/A No. 12-228, the instant Complaint should be

---

[2] To the extent that Plaintiff's complaints in this case and in C/A No. 12-228 attempt to assert a § 1983 claim based on an alleged failure to respond to Plaintiff's grievance(s), the complaints fail to state a claim for which relief may be granted by this Court. There is no constitutional right to the grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("As other circuits have recognized, there is no constitutional right to participate in grievance proceedings.") (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)).

4

summarily dismissed, without prejudice and without issuance and service of process, as being duplicative of the complaint in C/A No. 12-228.

Furthermore, with respect to Defendants SCDC and TCI, Plaintiff is barred from pursuing this lawsuit against these Defendants, because SCDC and TCI are immune from Plaintiff's claims in this case. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, and TCI, as an institution of the agency, are integral parts of the state and, thus, entitled to immunity under the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI; *see Alden v. Maine*, 527 U.S. 706 (1999); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst,* 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. The South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See* S.C.Code Ann. § 15-78-20(e);.*McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary

5

authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").[3]

To the extent that Plaintiff's Complaint requests this Court to direct that SCDC and/or TCI release Plaintiff from prison, the Complaint is subject to summary dismissal because such a remedy is not available to Plaintiff under § 1983. *See Heck v. Humphrey*, 512 U.S. at 481 (Release from prison is not a remedy available under 42 U.S.C. § 1983.) Habeas corpus is the exclusive remedy for a state prisoner who challenges the factor duration of his confinement and seeks an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

With respect to Defendant Byars, Plaintiff's Complaint fails to state a plausible claim on which relief may be granted. A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). As the *Iqbal* Court observed,

---

[3] In addition, a claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons" for purposes of § 1983. *See, e.g., Miller v. Tate,* No. 8:06-3245, 2007 WL 914235, at *3 (D.S.C. March 23, 2007) (dismissing claim against Sumter County Detention Center because it is not a "person" for purposes of § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Plaintiff's Complaint, insofar as it names SCDC and TCI as defendants, does not name "persons" subject to a § 1983 claim.

because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 1949. Indeed, the dissent in *Iqbal* opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." *Id.* at 1957 (Souter, J., dissenting). Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (citations omitted).

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct.

7

at 1949; *Twombly*, 550 U.S. at 557). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Moreover, in order to state a cognizable claim under § 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown, Pa.*, 853 F.2d 1111, 1114 (3d. Cir. 1988).

Here, Plaintiff has not alleged a cognizable § 1983 claim against Defendant Byars. As outlined above, Plaintiff cannot assert liability as to Defendant Byars based only on the theory of *respondeat superior*. The allegations in Plaintiff's Complaint and the documents attached to the Complaint[4] reflect that Defendant Byars took no direct, personal action with respect to Plaintiff's medical needs; Plaintiff merely alleges that he wrote Defendant Byars, and that a letter he wrote to South Carolina State Senator Anderson was forwarded to Defendant Byars. *See* ECF No. 1, p. 3. Plaintiff's allegations simply assert that Defendant Byars knew about his accident and his contention that he was denied appropriate medical care at TCI. Despite the Court's assumption that all of the facts in Plaintiff's Complaint and its attachments are true, Plaintiff has failed to allege that Defendant Byars had any personal involvement in the alleged wrongs or that he had actual or constructive knowledge that his subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. At most, Plaintiff's alleged communication addressed to this "supervisory defendant" merely provided Defendant Byars with notice that

---

[4] *See Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (stating that a court may consider exhibits to a pleading in assessing its sufficiency).

Plaintiff claimed TCI's medical personnel failed to detect the alleged extent of his injury as soon as they should have and failed to provide him with adequate treatment. Plaintiff's Complaint makes no specific factual allegations that Defendant Byars personally caused Plaintiff serious harm or had actual or constructive knowledge that his subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. Therefore, the Complaint fails to state a cognizable claim and should be summarily dismissed, without prejudice and without issuance and service of process, as to Defendant Byars.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

April 23, 2012  Joseph R. McCrorey
Columbia, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).