UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Marcus A. Blair,

        Plaintiff,

v.

Mr. William Byars, Director; Gregorg T. Knowlin, Warden; South Carolina Department of Corrections; Turbeville Correction Institution,

        Defendants.

Civil Action No. 3:12-506-SB

**ORDER**

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. The Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at the Turbeville Correctional Institution ("TCI"). In his complaint, the Plaintiff alleges that he slipped and fell on the stairs at TCI and injured his back. He claims that he was examined and treated by TCI medical stuaff, but that he has suffered physical and mental pain since the accident. He claims that since the accident, he has been treated badly and that SCDC has punished him. The Plaintiff seeks injunctive relief and compensatory damages, and he specifically asks the Court "to have SCDC release [him] on this ground and have them pay [him] for [his] pain and suffering and mental pain and suffering because the right to properly functioning prison equipment is a constitutional magnitude." (Entry 1 at 5.)

On January 17, 2012, United States Magistrate Judge Joseph R. McCrorey issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court dismiss this case without prejudice and without issuance and service of process for the following reasons. First, the

Magistrate Judge noted that two of the Defendants in this case, namely, Warden Knowlin and the South Carolina Department of Corrections, are named as defendants in another pending case filed by the Plaintiff, a case in which the Plaintiff alleges the same facts and claims as he alleges in the instant case. See Blair v. South Carolina Dept. of Correction, et al., Civil Action No. 3:12-228-SB-JRM (January 30, 2012). To the extent that the Plaintiff alleges the same claims in this case as those presented in Civil Action No. 3:12-228, the Court agrees with the Magistrate Judge that such claims are duplicative and subject to dismissal.

Next, the Magistrate Judge determined that Defendants SCDC and TCI are entitled to Eleventh Amendment immunity, and furthermore, that they do not qualify as "persons" acting under color of state law. See 42 U.S.C. § 1983 (requiring a plaintiff to allege the deprivation of rights, privileges, or immunities secured by the Constitution and laws by a person acting under color of state law). Moreover, the Magistrate Judge noted that to the extent the Plaintiff requests the Court to direct that SCDC and/or TCI release him from prison, such relief is not available to the Plaintiff under section 1983.

Finally, with respect to Defendant Byars, the Magistrate Judge determined that the Plaintiff's complaint fails to state a plausible claim on which relief may be granted because vicarious liability is inapplicable to section 1983 suits and because the Plaintiff fails to allege that Byars took any direct, personal action with respect to his medical needs. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Plaintiff filed one page of written objections to the R&R; however, a review of these objections indicates that they are without merit. Rather than pointing to any legal or

2

factual error in the R&R, and/or pointing to any violation of a Constitutional right by a person acting under color of state law, the Plaintiff simply reiterates his claims and asserts that he "wants justice" and that Defendants Byars and Knowlin knew he was injured and "no wet floor signs [were] down." (Entry 10 at 1.) After a review of the record, the Court finds that the Magistrate Judge correctly summarized the facts and applied the correct legal standards. Therefore, the Court agrees that dismissal of the Plaintiff's complaint, without prejudice, is appropriate under the circumstances.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 8) is adopted and incorporated; the Plaintiff's objections (entry 10) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 19, 2012
Charleston, South Carolina

#3